Filed 9/3/15 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JAMES L. HARRIS PAINTING & DECORATING, INC., | |
| Plaintiff and Respondent, | C072169 |
| v. | (Super. Ct. No. CV032800) |
| WEST BAY BUILDERS, INC., et al., | ORDER MODIFYING OPINION |
| Defendants and Appellants. | [NO CHANGE IN JUDGMENT] |

THE COURT:

The opinion filed August 27, 2015, in the above cause is modified in the following respects:

On page 6, the first sentence of the first full paragraph is changed to read:

In some cases a party may obtain a result that is "so minimal or insignificant as to justify a finding that it did not prevail."

On page 7, the first sentence of the last paragraph is changed to read:

Fundamentally, "[t]he determination of whether there is a prevailing party is to be made 'on a practical level' after considering what each party accomplished via the litigation."

1

This modification does not change the judgment.


_____ROBIE_____, Acting P.J.


_____MAURO_____, J.


_____HOCH_____, J.

Filed 8/27/15 (unmodified version)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JAMES L. HARRIS PAINTING & DECORATING, INC., | |
| Plaintiff and Respondent, | C072169 |
| v. | (Super. Ct. No. CV032800) |
| WEST BAY BUILDERS, INC., et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Carter P. Holly, Judge.  Affirmed.

McINERNEY & DILLON, Timothy L. McInerney and Neil H. Bui for Defendants and Appellants.

WANGER JONES HELSLEY, Kurt F. Vote, John P. Kinsey and David E. Cameron for Plaintiff and Respondent.

West Bay Builders, Inc. (West Bay) and Safeco Insurance Company of America (Safeco) challenge the trial court's denial of their motion for attorney fees under Business and Professions Code section 7108.5 and Public Contract Code sections 7107 and 10262.5 (prompt payment statutes).  West Bay and Safeco were sued by James L. Harris Painting & Decorating, Inc. (Harris) for breach of contract and violation of the

1

prompt payment statutes. In turn, West Bay filed a cross-complaint against Harris for breach of contract arising out of the same construction project. After years of litigation, the jury found both West Bay and Harris had failed to perform and thus did not award damages to either side. Safeco also did not recover because it was sued only in its capacity as issuer of a bond to West Bay for the construction project. Although West Bay and Safeco did not recover any damages, they moved for attorney fees under the fee shifting provisions of the prompt payment statutes. The trial court denied their motion, finding there was no prevailing party in this case.

On appeal, West Bay and Safeco contend the trial court lacked discretion to refuse an award of mandatory attorney fees under the prompt payment statutes because they prevailed at trial. We disagree. Under the prompt payment statutes, the trial court has discretion to determine there is no prevailing party in an action. And in this case, the trial court did not abuse its discretion in concluding there was no prevailing party. Accordingly, we affirm the denial of the motion for attorney fees.

FACTUAL AND PROCEDURAL HISTORY

In 2003, West Bay entered into a prime contract with the Stockton Unified School District to perform work at Cesar Chavez High School. In 2004, West Bay entered into a subcontract for $530,000 with Harris that covered the application of paint and water repellants. From the beginning of the project, disagreements arose over the scope of work to be provided by Harris. West Bay asserted Harris had a contractual obligation to carry out several sections of the project's specifications Harris disclaimed it had any duty to fulfill. Harris performed what it perceived to be extra work on assurances West Bay would pay for the additional services. According to Harris, West Bay refused to pay for the additional work.

According to West Bay, Harris refused to fulfill its contractual obligations and simply abandoned the project. West Bay was forced to hire a third party painting subcontractor to repair and complete Harris's work. West Bay deducted the cost of the

2

third party painting subcontractor from the amount due to Harris. By West Bay's calculation, Harris was overpaid by $71,607 when all the adjustments were made.

In June 2007, Harris filed a complaint for breach of contract and violation of the prompt payment statutes by West Bay. Harris also claimed Safeco was obligated to release money under the payment bond issued to West Bay. West Bay filed a cross-complaint against Harris for breach of contract arising out of the same construction project.

The jury found both West Bay and Harris had failed to perform and refused to award damages to either side. The jury also found West Bay did not act in good faith when it withheld payment from Harris on June 24, 2004.

The trial court entered (1) judgment in favor of West Bay and Safeco on the complaint and (2) judgment in favor of Harris on the cross-complaint. The trial court awarded no damages on the complaint or cross-complaint. Nonetheless, the trial court awarded costs of suit to West Bay and Safeco. The trial court reserved ruling on whether there was a prevailing party for purposes of statutory attorney fees.

West Bay and Safeco moved for attorney fees under the prompt payment statutes, and Harris opposed the motion. The trial court heard argument on the motion and ruled: "The motion for attorney's fees is denied. Each party sued for breach of contract, but neither side prevailed. The Jury denied all relief. Fairness dictates that each side should pay its own attorney's fees."

From the denial of the motion for fees, West Bay and Safeco timely filed a notice of appeal.

DISCUSSION

I

*The Prompt Payment Statutes' Fee-shifting Provisions*

West Bay and Safeco contend the prompt payment statutes do not confer the trial court with discretion to deny attorney fees in a case in which the plaintiff asserts a claim

3

under these statutes.  (See Bus. & Prof. Code, § 7108.5; Pub. Contract Code, §§ 7107, 10262.5.)  We disagree.

## A.

### *Standard of Review*

We consider the question of whether a statute provides for a mandatory award of attorney fees under the de novo standard of review.  (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.)  In construing a statute, " '[w]e apply well-established principles of statutory construction in seeking "to determine the Legislature's intent in enacting the statute ' "so that we may adopt the construction that best effectuates the purpose of the law." ' " ' [Citations.]  We begin with the statutory language because it is generally the most reliable indication of legislative intent.  [Citation.]  If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls.  [Citation.]' (*Shirk v. Vista Unified School Dist*. (2007) 42 Cal.4th 201, 211.)  But if the statutory language may reasonably be given more than one interpretation, courts may employ various extrinsic aids, including a consideration of the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.  (*Ibid*.)" (*Conservatorship of Whitley*, at p. 1214.)

## B.

### *The Prompt Payment Statutes*

Each of the three prompt payment statutes asserted by Harris against West Bay and Safeco contains a nearly identical fee-shifting provision.  Business and Professions Code section 7108.5, subdivision (a), allows a prime contractor seven days to deliver an earned progress payment to a subcontractor.  Subdivision (c) of section 7108.5 provides that "[i]n any action for the collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs."  Similarly, subdivision (f) of Public Contract Code section 7107 provides that "in any action for the collection of

4

funds wrongfully withheld, the prevailing party shall be entitled to attorney's fees and costs" in litigation regarding the wrongful withholding of payment to a subcontractor on a public works contract. Likewise, subdivision (a) of Public Contract Code section 10262.5 provides that "[i]n any action for the collection of funds wrongfully withheld" from a subcontractor on a public construction project for more than seven days, "the prevailing party shall be entitled to his or her attorney's fees and costs." While providing for attorney fee shifting, none of these prompt payment statutes defines the term "prevailing party." (Bus. & Prof. Code, § 7108.5; Pub. Contract Code, §§ 7107, 10262.5.)

A similar fee-shifting provision was addressed in *Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126 (*Brawley*). *Brawley* involved a challenge to the denial of a motion for attorney fees under former Civil Code section 3260 (Stats. 1994, ch. 1046, § 1, pp. 6342-6343), which required an owner to make prompt retention payments to the original contractor. (*Id.* at p. 1136.) Subdivision (g) of former Civil Code section 3260 provided, in pertinent part, that "in any action for collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs." (*Brawley,* at p. 1136 [quoting former Civil Code section 3260].) J.C. Interiors, Inc., the defendant in *Brawley*, argued attorney fees were mandatory. (*Id.* at p. 1135.) Having secured a defense verdict, J.C. Interiors, Inc., claimed the trial court violated the statute by refusing to award attorney fees after the court concluded there was no prevailing party. (*Id.* at p. 1137.) The *Brawley* court affirmed the trial court's denial of fees. (*Brawley, supra,* 161 Cal.App.4th at p. 1137.) Noting former "Civil Code section 3260, subdivision (g) contain[ed] no definition of the term 'prevailing party,' " *Brawley* held the trial court had discretion under the statute to refuse to award attorney fees. (*Ibid.*)

The *Brawley* court explained, " '[C]ourts in cases involving . . . statutes which provide that the prevailing party "shall" recover attorney fees also have concluded that a court has the discretion to find there is no prevailing party, even though the statute does

5

not expressly say so.  (See, e.g., *Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574 (*Heather Farms*) [former] [Civ. Code, § 1354, subd. (f) [(Stats. 2004, ch. 754, § 1, pp. 5838-5839)]]; *Gilbert v. National Enquirer, Inc.* (1997) 55 Cal.App.4th 1273, 1277–1278 (*Gilbert*) [Civ. Code, § 3344, subd. (a)]; *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115, 1128–1130 . . . [Civ. Code, § 2983.4].)" (*Brawley*, at p. 1137.)  The same conclusion applies to the prompt payment statutes in this case.

As the California Supreme Court has noted, in some cases a party may obtain a result that is "so minimal or insignificant as to justify a finding that it did not prevail." (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1020 (*ComputerXpress*).) Thus, even though the prompt payment statutes provide for an award of attorney fees to a prevailing party, the trial court may determine there is no prevailing party for purposes of attorney fee shifting.  Consequently, "when a defendant cannot in any realistic sense be said to have been successful, fees need not be awarded."  (*Moran v. Endres* (2006) 135 Cal.App.4th 952, 956.)  For this reason, the trial court had discretion under the prompt payment statutes in this case to determine there was no prevailing party for purposes of attorney fee shifting.

Given that the trial court had discretion to deny attorney fees in the absence of a prevailing party, we turn to the question of whether the court abused its discretion in determining West Bay and Safeco were not prevailing parties.

## II

### *Trial Court Determination West Bay and Safeco Were Not Prevailing Parties*

West Bay and Safeco contend the trial court erred in determining they were not prevailing parties under the prompt payment statutes.  (Bus. & Prof. Code, § 7108.5, subd. (c); Pub. Contract Code, §§ 7107, subd. (f), 10262.5, subd. (a).)  We reject the contention.

6

## A.

### *Standard of Review*

In reviewing the trial court's determination of whether a party prevailed in the litigation, we apply the deferential abuse of discretion standard of review. As the *Brawley* court aptly summarized, " 'Generally, where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the proper decision for that of the trial judge. The trial court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice. [Citations.]' (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.) 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can be reasonably deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 . . . .) 'The burden is on the party complaining to establish an abuse of discretion, . . . .' (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; see *Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.) '[T]he showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion.' (*People v. Stewart* (1985) 171 Cal.App.3d 59, 65.)" (*Brawley*, *supra*, 161 Cal.App.4th at pp. 1137-1138.)

## B.

### *Prevailing Party Determination*

As the California Supreme Court has held, "The determination of whether there is prevailing party is to be made 'on a practical level' after considering what each party accomplished via the litigation." (*ComputerXpress, supra,* 93 Cal.App.4th at p. 1017.) This means that " '[t]he prevailing party determination is to be made only upon a final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." [Citation.]' (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.)" (*Brawley, supra*, 161 Cal.App.4th at p. 1137.)

7

Significantly, the determination of whether a party has prevailed for purposes of attorney fee shifting under the prompt payment statutes is not governed by the trial court's decision to award costs of suit. "[T]he premise . . . that a litigant who prevails under the cost statute is necessarily the prevailing party for purposes of attorney fees, has been uniformly rejected by the courts of this state. (See *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 ['We emphatically reject the contention that the prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is necessarily the prevailing party for the award of attorneys' fees'].) Furthermore, Code of Civil Procedure section 1032, subdivision (a) only defines ' "[p]revailing party" ' as the term is used 'in [that] section.' It does not purport to define the term for purposes of other statutes." (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1572.)

## C.

### *The Trial Court's Determination*

The trial court did not abuse its discretion in determining there was no prevailing party in this case after it awarded costs of suit to West Bay and Safeco.

In their briefing and at oral argument, West Bay and Safeco characterize the trial court's conclusion that "[e]ach side sued for breach of contract but neither side prevailed" as encompassing only the breach of contract causes of action -- to the exclusion of the prompt payment remedies sought by Harris. Based on this cramped interpretation of the trial court's order, West Bay and Safeco argue they are the prevailing party on the prompt payment cause of action and therefore entitled to the fee-shifting provided by the prompt payment statute. We reject this narrow interpretation of the trial court's order as referring to only some of the causes of action at trial.

As the trial court noted, "The Jury denied all relief. Fairness dictates that each side should pay its own attorney's fees." This is an accurate description of the litigation in which the complaint and cross-complaint alleged breach of contract causes of action

8

but for which the jury awarded nothing because both Harris and West Bay failed to perform their contractual obligations.

Granted, West Bay and Safeco did manage to defeat Harris's prompt payment claims. However, West Bay and Safeco did not obtain the defense verdict by demonstrating timely payments were made to Harris under the prompt payment statutes. To the contrary, the jury found West Bay did not act in good faith in withholding payment to Harris in June 2004.

West Bay and Safeco's success on the prompt payment statute claim did not render them victorious because the prompt payment statute claim was encompassed within Harris's breach of contract action. The prompt payment statute violations were included *within* the complaint's breach of contract cause of action. Contrary to West Bay and Safeco's characterization of the complaint, there was no separate cause of action for the prompt payment statute violations. Thus, the breach of contract and prompt payment violations were so intertwined that the trial court's statement about neither party prevailing on the contract encompasses the whole of the litigation. Accordingly, we conclude the trial court appropriately looked at the litigation as a whole to determine there was no prevailing party for purposes of attorney fees.

We also reject Safeco's argument it is entitled to attorney fees because it did not file a cross-complaint against Harris and thus prevailed on the complaint. Under the terms of the agreement by which West Bay obtained the bond from Safeco, West Bay assumed the duty to defend, indemnify, and hold Safeco harmless from all claims by Harris. Consistent with the agreement, counsel for West Bay represented Safeco at all times during the litigation. Further, the record does not show Safeco paid any attorney fees.

For these reasons, we conclude the trial court did not abuse its discretion in denying statutory attorney fees to West Bay and Safeco.

9

DISPOSITION

The order denying West Bay Builders, Inc., and Safeco Insurance Company of America's motion for attorney fees is affirmed.  James L. Harris Painting & Decorating, Inc., shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                          HOCH     , J.

We concur:


      ROBIE     , Acting P. J.


      MAURO   , J.