Filed 5/21/21 Lyons v. Stanford Hospital and Clinics CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| RENEE LYONS, et al., | H044616 |
| Plaintiffs and Appellants, | (Santa Clara County Super. Ct. No. 114CV263807) |
| v. | |
| STANFORD HOSPITAL AND CLINICS, et al., | |
| Defendants and Respondents. | |

## I.   INTRODUCTION

Appellants Renee Lyons, M.D. and her husband, Jeff Kalibjian, (sometimes collectively plaintiffs) brought an action for personal injury and medical malpractice against respondent Stanford Hospitals and Clinics (SHC) and respondents Daniel Grossman, M.D., Errol O. Ozdalga, M.D., Robert Lee Norris, M.D., Camilla Kilbane, M.D., and John Kugler, M.D. (collectively defendants). The trial court ruled that plaintiffs had engaged in conduct that is a misuse of the discovery process, granted defendants' motion for terminating sanctions, and entered a judgment of dismissal.

On appeal, plaintiffs contend that the trial court abused its discretion in denying their multiple stay requests and granting defendants' motion for terminating sanctions. Plaintiffs also contend that their due process rights were violated by the trial court's actual bias in favor of defendants as an alumnus of Stanford University. For the reasons

stated below, we find no merit in plaintiffs' contentions and we will affirm the judgment of dismissal.[1]

## II.   BACKGROUND

The original complaint in this matter was filed in April 2014. Dr. Lyons and Kalibjian named as defendants SHC and numerous physicians and nurses, as well as a licensed social worker. The currently operative pleading is the second amended complaint. The second amended complaint (the complaint) names six defendants, including SHC and five physicians, Dr. Grossman, Dr. Ozdaloa, Dr. Norris, Dr. Kilbane, and Dr. Kugler.

In their complaint, plaintiffs alleged that they arrived at SHC on January 14, 2013, seeking urgent care for Dr. Lyons's severe sore throat. Plaintiffs further alleged that after they entered SHC's premises, Dr. Lyons was physically and chemically restrained by SHC staff and physicians and rendered unconscious for 18 hours. After becoming conscious, Dr. Lyons allegedly reported to SHC staff that she had been sexually assaulted while unconscious. Plaintiffs also alleged that SHC staff had denied her requests for infectious disease and OB-GYN consultations.

Based on these and other allegations, Dr. Lyons stated causes of action for (1) battery (against SHC and Dr. Grossman); (2) assault (against SHC and Dr. Grossman); (3) sexual battery (against all defendants); (4) false imprisonment (against SHC and Dr. Grossman); (5) professional negligence/medical malpractice (against all defendants); and (6) battery (against SHC and Doe defendants). The seventh cause of action for loss of consortium was stated by Kalibjian against all defendants.

---

[1] Plaintiffs' March 2017 notice of appeal states that it is from the order granting terminating sanctions. "An order granting terminating sanctions is not appealable," but it is reviewable in an appeal from an order or judgment of dismissal. (*Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 940.) We construe plaintiffs' appeal to be from the judgment of dismissal.

2

During the course of the litigation, defendants brought numerous motions to compel plaintiffs to respond to discovery and to appear for their depositions, and the motions to compel were granted by the trial court with monetary sanctions imposed. Defendants ultimately filed a fifth motion for terminating sanctions in November 2016. In their motion, defendants asserted that during the two and one-half years of litigation since the original complaint was filed, plaintiffs had completely failed to comply with 16 discovery orders, only partially complied with five other discovery orders, and had therefore violated a total of 21 discovery orders. Defendants emphasized that plaintiffs had failed to comply with the trial court's August 16, 2016 order giving plaintiffs a "final opportunity" to comply with all previous discovery orders and to appear for their depositions no later than October 14, 2016. In addition, defense counsel stated in her supporting declaration that defendants were owed outstanding monetary sanctions of $19,362.50.

Defendants filed a notice of plaintiffs' non-opposition to the motion for terminating sanctions. However, plaintiffs assert that they filed written opposition, including two supplemental written oppositions, to which they attached responses to most of the outstanding discovery requests. The record reflects that plaintiffs' opposition papers were filed within two days of the hearing on the motion for terminating sanctions. Plaintiffs generally contended that they had been overwhelmed with the huge amount of discovery propounded by defendants and had done the best they could to respond despite deaths in the family, Dr. Lyons's illness, and the withdrawal of their attorney. At the hearing on the motion, defense counsel stated that the discovery responses provided by plaintiffs before the hearing were inadequate and failed to comply with prior court orders.

The trial court entered its order granting the motion for terminating sanctions and dismissing the second amended complaint on January 11, 2017. In the order, the trial court reasoned as follows: "The Court has exercised extraordinary patience and discretion in declining to issue such an order despite Plaintiffs' repeated failures to

3

provide discovery and to comply with court orders that they do so.  This is the fourth [*sic*] such motion Defendants have brought and yet it appears Plaintiffs' failures, and their excuses, have continued without change.  Plaintiffs, both with and without counsel, have demonstrated a clear pattern and lengthy history, going back nearly two years, of repetitive and continuing misuses of the discovery process, as defined in [section] 2023.010 [of the Code of Civil Procedure[2]].  Defendants have thoroughly documented a sufficient basis for the court to grant terminating sanctions under [section] 2023.030."

Judgment of dismissal was entered on January 19, 2017.  In April 2017, plaintiffs filed a motion for reconsideration of the January 11, 2017 order granting the motion for terminating sanctions.  On May 16, 2017, the court denied the reconsideration motion on the grounds that the motion was untimely filed and failed to state any new facts, circumstances or law warranting reconsideration under section 1008.  An amended judgment of dismissal entered on June 8, 2017 awarded defendants costs in the amount of $34,102.07.[3]

## III.  DISCUSSION

On appeal, plaintiffs contend that the trial court abused its discretion in denying their multiple stay requests and granting defendants' motion for terminating sanctions.  Plaintiffs also contend that their due process rights were violated by the trial court's actual bias in favor of defendants as an alumnus of Stanford University.  We will discuss each of plaintiffs' contentions in turn.

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[3] Plaintiffs have not sought review of the award of costs in the amount of $34,102.07 in the amended judgment of dismissal, and we express no opinion on the costs award.

4

**A.** *Denial of Stay Requests*

Plaintiffs contend that the trial court abused its discretion in denying their requests to stay or continue discovery proceedings to give them time to find another attorney after their attorney withdrew, and to accommodate their inability to respond to defendants' discovery requests while they were taking care of ill family members and observing a religious mourning period after their deaths.

We understand plaintiffs to focus on three trial court orders denying their stay requests to support their argument that the trial court abused its discretion: (1) the denial of their February 25, 2016 oral request for a stay of discovery proceedings to give them time to find another attorney after their attorney was allowed to withdraw[4]; (2) the denial of a written ex parte application dated April 11, 2016, for a "90-day continuance" postponing hearings, discovery and depositions to allow plaintiffs to find another attorney and to attend to the illness and death of family members; and (3) the denial of an ex parte application dated June 21, 2016, for a "90-day continuance," which acknowledged a prior stay order in April 2016 and asked for more time to find an attorney and to respond to discovery that defendants had propounded despite a death in plaintiffs' family and Kalibjian's full time job.

Plaintiffs argue that the trial court abused its discretion in denying these three stay requests because no trial date had been set, their former attorney's lack of diligence in responding to discovery could not be imputed to them due to the attorney's positive misconduct, and the trial court failed to consider their personal and family circumstances.

In response, defendants point out that during the February 11, 2016 hearing regarding plaintiffs' counsel's first attempt to withdraw as attorney of record, the trial court allowed plaintiffs time to obtain new counsel by continuing Kalibjian's deposition for six weeks, noting that Dr. Lyons's deposition was already set two months later.

---

[4] The record reflects that the trial court granted the motion of plaintiffs' counsel to withdraw as their attorney of record on February 25, 2016.

5

Defendants also point out that the order of April 13, 2016, granted plaintiffs' April 11, 2016 ex parte application in part. The trial court ordered that the hearing on defendants' motions that was set for April 28, 2016, be continued to nearly two months later, on June 23, 2016, with no further motions filed prior to June 23, 2016, absent court order. In addition, the April 13, 2016 order continued the dates for plaintiffs' depositions for two months (Dr. Lyons's deposition to June 30, 2016, and Kalibjian's deposition to July 1, 2016).

Further, defendants assert that the record shows that the trial court was considerate of plaintiffs' personal circumstances, and that plaintiffs were able to appear at hearings and file their own motions during the time they were seeking a stay or continuance.

Our analysis of plaintiffs' contentions is governed by the applicable standard of review for an order denying a request to stay the proceedings or stay discovery, which is abuse of discretion. (*Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 889.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citation.]" (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 272 (*Walker*).) " ' 'The burden is on the party complaining to establish an abuse of discretion, . . . .' [Citations.] "[T]he showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion." [Citation.]' " (*James L. Harris Painting & Decorating, Inc. v. West Bay Builders, Inc.* (2015) 239 Cal.App.4th 1214, 1221 (*James L. Harris*).)

Based on the record before us, we determine that the trial court did not abuse its discretion in denying in whole or part plaintiffs' three stay requests under the circumstances of this case. These circumstances include the fact that at the time of the February 23, 2016 stay request, the case had been pending for nearly two years; the trial court had apparently issued at least six discovery orders compelling plaintiffs to respond

6

to defendants' discovery requests; and despite plaintiffs' assertion that illness, family deaths, and the withdrawal of their attorney had caused their inability to respond to defendants' discovery requests during the period of February through June 2016, plaintiffs were able to file two motions during that time.[5]

Moreover, "the court has the inherent power to control the proceedings before it and to make orders which prevent the frustration, abuse, or disregard of the court's processes. [Citation.]" (*Conn v. Superior Court* (1987) 196 Cal.App.3d 774, 785.) Here, the trial court could reasonably grant limited stays of discovery proceedings in February and April of 2016 due to plaintiffs' personal situations and their status as self-represented litigants, and then reasonably infer that any further stay of discovery or stay of trial court proceedings would result in unwarranted delay in the progress of this two-year-old case towards trial. Accordingly, we determine that the trial court's orders denying in whole or part plaintiffs' stay requests in February, April, and June of 2016 did not exceed the bounds of reason, and therefore the orders do not constitute an abuse of discretion. (See *Walker*, *supra*, 53 Cal.3d at p. 272.)

Plaintiffs' reliance on the decisions in *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276 (*Gamet*) and *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242 (*Hernandez*) for a contrary conclusion is misplaced because those decisions are distinguishable. In *Gamet*, the disabled plaintiff was residing out of state when her attorney's motion to withdraw was granted, and after the plaintiff failed to appear at her deposition and various hearings, the trial court dismissed the complaint. (*Gamet*, *supra*, at pp. 1280-1282.) The appellate court ruled that the trial court had abused its discretion in dismissing the complaint because the record did not show that the trial court had given any consideration to the plaintiff's personal and family traumas and had instead commented "that he could 'jam' [the plaintiff] and that he wanted to 'keep the heat on,' "

---

[5] Plaintiffs filed an April 2016 motion to "revoke" an order deeming requests for admissions admitted and a June 2016 motion to quash subpoenas.

7

before dismissing the complaint without explanation. (*Id*. at p. 1283.) In contrast, the present case had been pending for nearly two years when the trial court granted a partial stay of discovery proceedings for two months after plaintiffs' attorney withdrew.

In *Hernandez,* the plaintiff's attorney became terminally ill and died before trial, and the trial court denied the plaintiff's ex parte application to continue the trial to a date that would accommodate the plaintiff's new attorney, and also denied the plaintiff's application to reopen discovery to supplement his expert witness list. (*Hernandez*, *supra*, 115 Cal.App.4th at p. 1245.) The appellate court found that the trial court had abused its discretion because the death or illness of a party or the trial attorney is normally good cause for continuing the trial date, and the trial court had failed to consider that the illness of the plaintiff's former trial attorney had adversely affected trial preparation. (*Id.* at pp. 1247-1248.) No trial date had been set in the present case, and as we have discussed, the trial court here granted a partial stay of discovery and motion hearings to accommodate plaintiffs after their attorney withdrew.

For these reasons, we conclude that plaintiffs have failed to meet their burden to establish that the trial court abused its discretion in denying in whole or part plaintiff's stay requests. (See *James L. Harris*, *supra*, 239 Cal.App.4th at p. 1221.)

**B.**     ***Terminating Sanctions***

Plaintiffs contend that the trial court erred in granting defendants' fifth motion for terminating sanctions and entering a judgment of dismissal. We will begin our evaluation of plaintiffs' contention with an overview of the rules governing the imposition of terminating sanctions.

### 1.     Overview of Terminating Sanctions

Under section 2023.030, the trial court may impose monetary, issue, evidentiary, and/or terminating sanctions "against anyone engaging in conduct that is a misuse of the discovery process." "[S]ection 2023.010 provides that the following, among others, are misuses of the discovery process:  failing to respond or to submit to an authorized method

8

of discovery; making, without substantial justification, an unmeritorious objection to discovery; making an evasive response to discovery; and disobeying a court order to provide discovery." (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191 (*Howell*).) Sanctions, including terminating sanctions, are also authorized where a party has failed to obey an order compelling attendance at a deposition. (§ 2025.450, subd. (h).)

"[S]anctions are generally imposed in an incremental approach, with terminating sanctions being the last resort. [Citation.]" (*Howell*, *supra*, 18 Cal.App.5th at p. 191.) Accordingly, "[r]epeated failure to respond to discovery and to comply with court orders compelling discovery provides ample grounds for imposition of the ultimate sanction. [Citations.]" (*Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1069 (*Jerry's Shell*); see also *Siry Investment., L.P. v. Farkhondehpour* (2020) 45 Cal.App.5th 1098, 1118, review granted July 8, 2020, S262081 (*Siry*) [terminating sanctions upheld due to "a fulsome history of discovery abuse"]; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1184 [misuse of the discovery process was pervasive and consistent, justifying terminating sanctions]; *Liberty Mutual Fire Insurance Co. v. LcL Administrators, Inc*. (2008) 163 Cal.App.4th 1093, 1106 (*Liberty Mutual*) [where pattern of failure or refusal to give meaningful responses to discovery existed, trial court not required to allow stalling tactics indefinitely].)

The trial court is authorized to impose terminating sanctions by ordering the dismissal of an action brought by the party who has misused the discovery process. (§ 2023.030, subd. (d)(3).)

### 2. Standard of Review

The standard of review for an order imposing discovery sanctions is abuse of discretion. (*Kwan Software Engineering, Inc. v. Hennings* (2020) 58 Cal.App.5th 57, 73 (*Kwan*).) "As the trial court has broad discretion in selecting sanctions, 'we will reverse

the trial court only if it was arbitrary, capricious, or whimsical in the exercise of that discretion.' [Citation]" (*Ibid.*)

" '[I]n reviewing the trial court's determination, "[w]e defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling." [Citation.] To the extent the trial court's decision to issue sanctions depends on factual determinations, we review the record for substantial evidence to support those determinations. [Citation.]' " (*Kwan*, *supra*, 58 Cal.App.5th at p. 73.)

### 3. Analysis

Plaintiffs' primary argument on appeal is that the trial court erred in granting defendants' fifth motion for terminating sanctions because they had substantially complied with defendants' discovery requests by providing "extensive" information, despite their personal situations and their attorney's withdrawal. Plaintiffs also argue that they were entitled to withhold their residence addresses and emphasize that defendants' discovery motions did not assert that all of plaintiffs' responses were insufficient. Alternatively, plaintiffs maintain that any lack of compliance with their discovery obligations, including their depositions, was the fault of their former attorney and not due to willfulness on their part.

Defendants respond that the trial court did not abuse its discretion in granting their motion for terminating sanctions due to plaintiffs' long history of misuse of the discovery process and violation of court orders. As we will discuss, we agree with defendants.

At the outset, we observe that plaintiffs have not disputed defendants' contention that at the time of the fifth motion for terminating sanctions, plaintiffs had violated 21 discovery orders in whole or in part. Perhaps most importantly, plaintiffs do not dispute that they failed to comply with the trial court's order of August 26, 2016, in which the court, in ruling on defendants' motion for issue, evidence, or terminating sanctions, gave plaintiffs a final opportunity to comply with their discovery obligations.

10

The August 26, 2016 order states in part: "Defendants have documented thoroughly—both in their moving papers and during the hearing—Plaintiffs' lengthy and repeated history for well over one year—both when represented by counsel and since—of failing to provide discovery and failing to comply with court orders to provide discovery. Defendants have made a more than sufficient record on which the Court may base an award of further sanctions under Code of Civil Procedure sections 2023.010—2023.040. [¶] The question for the Court to consider, in exercising its discretion, is the nature, extent and amount of sanctions that would be reasonable and appropriate to impose at this time. The Court understands the frustration of Defendants' counsel at their inability to obtain the most basic discovery, including the depositions of the Plaintiffs despite repeated orders they appear for deposition, in a case filed over two years ago. The Court also understands that Plaintiffs may have had a challenging time retaining new counsel, since their prior counsel was relieved in January, 2016—thus, the Court did modify some prior orders and deadlines, particularly in continuing the dates on which Plaintiffs were ordered to appear for their depositions. However, the Court cannot permit Plaintiffs to indefinitely extend or forestall their obligation to proceed diligently with the prosecution of their case, nor to continue to fail and/or refuse to comply with their discovery obligations, including prior discovery orders. Most recently, counsel appeared telephonically at the last hearing, although appearing 'specially' for prospective new consel for Plaintiffs, who has yet to file a substitution of attorney. Specially appearing counsel's request for a continuance of the pending motions was denied on the record, as the Court determined that no showing of good cause had been made. [¶] The Court has an obligation under the law to assure that this case, like any other, proceeds in a timely manner toward trial or resolution. The repetitive reasons stated by Plaintiffs for excuse from their lack of diligence and that of their prior counsel, and for delays and continuances, have not demonstrated to the court good cause for further stays or delays of Plaintiffs' obligations—to diligently proceed with their case and to comply with the

11

Discovery Act. [¶] Being fully apprised of the discovery history of this case, and recognizing the legal obligations of all parties, . . . [t]he Court declines—at this time, and without prejudice—to impose issue, evidence or terminating sanctions. Instead, the Court will afford Plaintiffs *one last, final opportunity to fully cooperate* in providing requested and ordered discovery responses, as well as a *final opportunity* to appear for their depositions—prior to considering the award of such sanctions. [¶] Therefore, the Court now orders as follows. Plaintiffs must fully comply with **ALL** prior discovery orders issued by the Court, and must do so no later than September 30, 2016. Plaintiffs must appear for their depositions on dates to be noticed by Defendants counsel, and must provide substantive testimony at their depositions in response to questions posed by Defendants' counsel, no later than October 14, 2016." (Italics added.)

The record reflects that plaintiffs did not comply with the trial court's August 26, 2016 order giving them a final opportunity to comply with all prior discovery orders by September 30, 2016 and to appear for their depositions by October 14, 2016. Thereafter, the trial court entered its January 11, 2017 order granting defendants' fifth motion for terminating sanctions, finding that "[p]laintiffs, both with and without counsel, have demonstrated a clear pattern and lengthy history, going back nearly two years, of repetitive and continuing misuses of the discovery process, as defined in [section] 2023.010." On this record, we determine that the trial court's order granting terminating sanctions was not arbitrary or capricious, and therefore the order does not constitute an abuse of discretion. (See *Kwan*, *supra*, 58 Cal.App.5th at p. 73.)

We are not convinced by plaintiffs' argument that to the extent they failed to comply with their discovery obligations, their failure was not willful. It has been held that a willful failure to comply with a court order is a prerequisite for the imposition of a non-monetary sanction. (See, e.g., *Biles v. Exxon Mobil Corp*. (2004) 124 Cal.App.4th 1315, 1327) However, in the discovery context, willfulness does not require a wrongful intention. A simple lack of diligence may be deemed willful where the party knew there

12

was an obligation, had the ability to comply, and failed to do so. (*Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 787.) Under our standard of review, we defer to the trial court's credibility decisions and draw all reasonable inferences in support of the trial court's implicit ruling that plaintiffs' repeated misuse of the discovery process was willful. (See *Kwan*, *supra*, 58 Cal.App.5th at p. 73.) In that regard, we note that plaintiffs' former attorney stated, in his declaration in support of his motion to withdraw as plaintiffs' counsel of record, that neither plaintiff was following his "advice and recommendations regarding providing appropriate and adequate timely and verified discovery responses despite court orders to do so."

We are also not convinced by plaintiffs' argument that defendants did not meet their burden to show that they were prejudiced by plaintiffs' conduct with respect to defendants' discovery requests. "[A] party seeking terminating sanctions for another party's discovery misconduct need not prove prejudice where, as here, the misconduct relates to discovery the moving party propounded. [Citations.]" (*Siry*, *supra*, 45 Cal.App.5th at p. 1122, rev. granted.) Moreover, " ' "[an] important aspect of legitimate discovery from a defendant's point of view is the ascertainment, in advance of trial, of the specific components of plaintiff's case so that appropriate preparations can be made to meet them. " ' [Citation.]" (*Liberty Mutual*, *supra*, 163 Cal.App.4th at p. 1105.) Therefore, it was held that where a cross-complainant had a lengthy pattern of failing or refusing to give meaningful responses to discovery, "[p]rejudice is inherent in such tactics." (*Ibid*.)

Further, plaintiffs' status as self-represented litigants does not excuse them from compliance with their discovery obligations and trial court orders. As this court has stated, "[u]nder the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Moreover, the California Supreme

13

Court has instructed that "mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. [Citation.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Finally, the decision on which plaintiffs rely, *Morgan v. Ransom* (1979) 95 Cal.App.3d 664 (*Morgan*), does not aid them because that decision is distinguishable. In *Morgan*, the trial court dismissed the case after the plaintiff, who was in prison, apparently failed to comply with a court order compelling answers to an interrogatory. (*Id.* at pp. 667-668.) The appellate court reversed the order of dismissal, finding that the trial court had not seen any of the papers submitted by the plaintiff before ruling on the defendant's motion to dismiss, and therefore no justification for the dismissal existed. (*Id.* at pp. 670.) In contrast, the record in the present case reflects that the trial court gave due consideration to plaintiffs' submissions and oral argument before issuing numerous discovery orders.

For these reasons, we conclude that the trial court did not abuse its discretion in granting defendants' fifth motion for terminating sanctions and dismissing the action.[6] As another appellate court has stated, "[t]he court is not required to have infinite patience in these situations. A party who is unwilling to, or whose counsel is incapable of, performing the obligations of litigation with diligence should not be surprised when the right to proceed is lost." (*Jerry's Shell*, *supra*, 134 Cal.App.4th at p. 1069.)

---

[6] Plaintiffs also contend that the trial court erred in deeming defendants' requests for admissions admitted because they tendered responses before the hearings on defendants' motions to deem the requests for admissions admitted. We need not address this issue, which is moot in light of our conclusion that the trial court did not err in granting terminating sanctions and dismissing the action.

14

**C.** *Judicial Bias*

Plaintiffs contend they may raise for the first time on appeal their claim that their due process rights were violated because the trial judge, an alumnus of Stanford University who is actively involved in university fundraising, was actually biased against plaintiffs. According to plaintiffs, the trial judge was actually biased because he always ruled for defendants and displayed a hostile attitude towards plaintiffs.

The California Supreme Court has instructed that "[a]bsent a financial interest, adjudicators are presumed impartial. [Citations.] To show nonfinancial bias sufficient to violate due process, a party must demonstrate actual bias or circumstances ' "in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." ' [Citations.] The test is an objective one. [Citations.] While the 'degree or kind of interest . . . sufficient to disqualify a judge from sitting "cannot be defined with precision" ' [citation], due process violations generally are confined to 'the exceptional case presenting extreme facts' [Citation.]" (*Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 219 (*Today's Fresh Start*).)

Our Supreme Court has also instructed that "a judge's 'rulings against a party— even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review.' [Citation.]" (*People v. Armstrong* (2019) 6 Cal.5th 735, 798; see also *Andrews v. Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 795-796 ["numerous and continuous rulings against a litigant, even when erroneous, form no ground for a charge of bias or prejudice".]) Moreover, this court has held that a trial judge's involvement as a law school alumnus of the defendant, Stanford University, did not warrant the trial judge's statutory disqualification because a reasonable person would not entertain doubts concerning the judge's impartiality. (*Leland Stanford Junior University v. Superior Court* (1985) 173 Cal.App.3d 403, 408.)

15

Since the basis for plaintiffs' claim that the trial judge is actually biased as an alumnus of Stanford University is his numerous rulings against plaintiffs, we find no merit in their due process claim. The fact that a trial court has issued numerous rulings adverse to a party "does not indicate an appearance of bias, much less demonstrate actual bias. [Citation.]" (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674.) Accordingly, plaintiffs have failed to show that this is " 'the exceptional case presenting extreme facts' " that demonstrate actual bias on the part of the trial judge. (*Today's Fresh Start*, *supra*, 57 Cal.4th at p. 219.)

## IV. DISPOSITION

The judgment of dismissal is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

GROVER, J.




*Lyons et al. v. Stanford Hospitals and Clinics et al.*
H044616