Filed 7/15/22  Youssef v. County of Los Angeles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GAMIL YOUSSEF, | B302773, B306187 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC443263) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEALS from a judgment and orders of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge. Affirmed in part, reversed in part.

—————————————

Gamil Youssef, in pro. per., for Plaintiff and Appellant.

Manning & Kass Ellrod, Ramirez, Trester, Robert E. Murphy, Steven J. Renick; Greines, Martin, Stein & Richland and Timothy T. Coates for Defendant and Respondent.

—————————————

Plaintiff and appellant Gamil Youssef filed suit against his former employer, defendant and respondent the County of Los Angeles (the County), alleging that the County had not complied with the terms of a settlement agreement from an earlier wrongful termination lawsuit. The County essentially conceded that it had failed to classify Youssef's termination as a voluntary resignation in its computer systems as required in the agreement, and corrected the error after several years of litigation. Nevertheless, the jury awarded Youssef no damages.

Youssef contends that the trial court erred by granting several of defendant's motions in limine, by denying his motion for a new trial on the basis of juror misconduct, and by awarding attorney fees and costs in favor of the County. We agree with Youssef as to the attorney fees and costs, but we otherwise affirm.

**FACTS AND PROCEEDINGS BELOW**

Youssef worked in the County's Department of Public Social Services from 1998 until 2004, when his employment ended. He filed suit against the County, alleging wrongful termination, retaliation, and discrimination. In 2006, the parties reached a settlement agreement under which the County agreed to classify Youssef's termination as a "voluntary resignation." In addition, the agreement provided that, "[i]f there is any inquiry by any potential employer . . . [t]he only information the County will give for references will be the date of . . . Youssef's employment . . . the position that he held . . . [a]nd rate of pay."

In 2010, Youssef again filed suit against the County for breach of contract, among other claims, alleging that the County had failed to reclassify his termination in its computer systems, had told prospective employers that he had been suspended

2

and terminated, and had posted information regarding his termination on the internet. Youssef sought an injunction requiring the County to comply with the settlement agreement, and also demanded damages for lost income and emotional distress, and attorney fees. In the operative third amended complaint, Youssef sought the same relief, as well as punitive and exemplary damages and interest.

Youssef filed a motion in 2017 to require the County to reclassify his termination as a voluntary resignation. In June 2018, the parties entered a joint stipulation in which the County acceded to Youssef's demand, and agreed to provide Youssef with a direct contact number for a County human resources employee who could provide potential employers with no more than basic information about his employment with the County.

After a trial in 2019, a jury found that Youssef had suffered no damages from the County's failure to reclassify him. The jury also found that the County did not breach the settlement agreement by disclosing information to prospective employers. The court denied Youssef's motion for a new trial, and entered judgment on the basis of the verdict. Both sides filed motions for contractual attorney fees and costs. The trial court denied Youssef's motion but granted the County's motion and awarded the County $454,071.50 in attorney fees.

## DISCUSSION

### A. *Motions in Limine*

Youssef contends that the trial court abused its discretion "by granting about 20 motions in limine in favor of the [County]." In the section of his opening brief containing a statement of the facts of the case, Youssef lists 12 motions in limine that the trial

3

court granted. These rulings barred the admission of evidence regarding other complaints and lawsuits against the County, posts from the County's web site, events that occurred prior to the settlement agreement, and Youssef's physical and emotional distress and medical treatment, among other issues.

As the County notes, Youssef "makes no reasoned argument as to how the trial court erred." This is a fatal flaw: " 'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' [Citation.] 'We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; see also Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate briefs must "support each point by argument"].)

This case well illustrates the purpose of this rule. It is clear from Youssef's briefs that he disagrees with the trial court's rulings because they prevented him from introducing evidence he wished the jury to consider. But with no reasoned argument in support of his position, we can only guess at where Youssef believes the legal error lies. It is not our function to attempt to piece together cogent arguments from Youssef's bare assertions of error. Even if we could do so, it would be unfair to the County to decide the case on the basis of an argument absent from Youssef's briefs, to which the County has not had an opportunity to respond. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate

4

error."  (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)
Youssef, by failing to support his position with reasoned
argument, has failed to meet that burden.

### B.    *Juror Misconduct*

Youssef contends that the trial court erred by denying
his motion for a new trial on the basis of juror misconduct.
According to Youssef, the jury's foreman "offered a litany of
lies at voir dire under oath" and failed to disclose that he was a
partner of a law firm that frequently represented the County in
other litigation.  This argument is without merit.

" 'A verdict may be vacated, in whole or in part, on a motion
for a new trial because of juror misconduct that materially
affected the substantial rights of a party.  (Code Civ. Proc., § 657,
subd. 2.)  A party moving for a new trial on the ground of juror
misconduct must establish both that misconduct occurred and
that the misconduct was prejudicial.' " (*Stokes v. Muschinske*
(2019) 34 Cal.App.5th 45, 52.)

" 'In ruling on a request for a new trial based on jury
misconduct, the trial court must undertake a three-step inquiry.
[Citation.]  First, it must determine whether the affidavits
supporting the motion are admissible.  (Evid. Code, § 1150.)
If the evidence is admissible, the trial court must determine
whether the facts establish misconduct.  [Citation.]  Lastly,
assuming misconduct, the trial court must determine whether
the misconduct was prejudicial.' " (*Whitlock v. Foster Wheeler,
LLC* (2008) 160 Cal.App.4th 149, 160.)

Youssef has failed to meet these requirements.  Most
importantly, he has presented no evidence that the juror
concealed his firm's representation of the County, nor that this
relationship biased the jury's deliberations.  During voir dire,

5

the juror volunteered that the County "is one of our firm's clients, but I have nothing to do with that." During the trial, an employee in the County's human resources department testified that, at the request of an employee of the County's auditor-controller, he changed the code for Youssef's termination in the County's computer system to "voluntary resignation." At the conclusion of the witness's testimony, the juror informed the court that he knew the employee of the County auditor-controller well. The court asked the parties if they had any concerns about the juror's continued participation in the case, and Youssef's attorney answered that he did not. We see no way in which the juror misled or withheld information from the court.

Youssef's claim fails both because he forfeited it by raising no objection during the trial (see *People v. Holloway* (2004) 33 Cal.4th 96, 124), and because he has produced no evidence that the juror concealed a bias toward the County or otherwise committed misconduct.

### C. *Attorney Fees and Costs*

#### 1. Attorney Fees

Youssef contends that the trial court abused its discretion by awarding the County attorney fees, and by denying his own motion for attorney fees and costs. He argues that the trial court erred by finding that the County was the prevailing party, noting that he succeeded in forcing the County to comply with the settlement agreement and classify his termination as a voluntary resignation.

Civil Code section 1717 allows the prevailing party in a contractual cause of action to obtain attorney fees if the contract provides for them. The availability of attorney fees must be

6

mutual. As our Supreme Court has explained, " 'when the contract provides the right to one party but not to the other[,]' [citation] . . . the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, 'whether he or she is the party specified in the contract or not' (§ 1717, subd. (a))." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610–611.)

" '[I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." ' [Citation.] Where neither party achieves a complete victory, the trial court has discretion to determine 'which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees.' " (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 439–440; accord, *City of Los Angeles Department of Airports v. U.S. Specialty Ins. Co.* (June 15, 2022, A162183) ___ Cal.App.5th ___ [2022 WL 2156119 at p. *2].) We review a trial court's award of contractual attorney fees for abuse of discretion. (*Mepco Services, Inc. v. Saddleback Valley Unified School Dist.* (2010) 189 Cal.App.4th 1027, 1045.)

The settlement agreement provided that, "[i]f any party hereof has breached any of the terms of this agreement, the party shall be entitled to reasonable costs and attorneys['] fees." Both sides agree that this provision allowed for contractual

7

attorney fees to the prevailing party pursuant to Civil Code section 1717.[1]

The trial court determined that the County was the prevailing party in the case, primarily on the ground that the jury awarded Youssef no damages for failing to reclassify his termination and rejected his claim that the County breached the settlement agreement by failing to provide a neutral reference to prospective employers who asked about Youssef. In focusing on the outcome at trial, however, the court did not place sufficient emphasis on the preceding years of litigation. Youssef did not merely seek damages, but also an injunction requiring the County to comply with its obligations under the settlement agreement to reclassify his termination as a voluntary resignation.[2] Injunctive relief was not an issue at trial only because the County entered into a stipulation in 2018 in which it agreed to reclassify Youssef's termination. By making this

---

[1] On its face, the settlement agreement appears to allow the party that breached the contract to recover attorney fees from the nonbreaching party. But this appears to be a simple drafting error, possibly resulting from the fact that the parties read the contract into the record orally during a hearing, rather than submitting a written document. We accede to the parties' interpretation that the intent of the provision was to allow attorney fees in favor of the prevailing party in an action for breach of contract.

[2] In its appellate brief, the County asserts that Youssef "did not seek . . . injunctive relief on his classification claim." This is inaccurate. In the operative third amended complaint, Youssef demanded "injunctive relief ordering the County to take all steps necessary to remedy the personal and professional harm inflicted by its breach of the [s]ettlement [a]greement."

stipulation, the County effectively conceded that it breached the contract as Youssef had alleged.

We recognize that "[t]he trial court ' " 'is given wide discretion in' " ' " making this determination, and "[w]e will not disturb the trial court's determination . . . absent a clear abuse of discretion." (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1158.) But in evaluating the record before us, we cannot see how this case represents a victory for the County. In determining contractual attorney fees, the court must evaluate which party " 'prevailed " 'on a practical level.' " ' " (*Sharif v. Mehusa, Inc.* (2015) 241 Cal.App.4th 185, 192.) Youssef failed to obtain damages, but he achieved one of his goals, requiring the County to comply with the settlement agreement. The County offered no explanation, either in its appellate brief or at oral argument, why it failed to comply with the terms of its agreement until Youssef persisted in litigation for eight years.[3] In the face of this obstinacy, we cannot imagine any other avenue available to Youssef to obtain relief. By ordering him to pay nearly half a

---

[3] The concurring and dissenting opinion states that our description of the litigation is "unsubstantiated," and that "[n]either the record on appeal nor Youssef's appellate briefs gives us a sufficient basis upon which to assess either party's tactics or litigation decisions." (Conc. & dis. opn. *post*, at p. 3.) Although the record does not reveal everything that occurred in the trial court between the time Youssef filed his complaint in 2010 challenging the classification, the County does not deny that it failed to comply with the 2006 settlement agreement until 2018. If the County had corrected Youssef's termination status shortly after he filed suit demanding that it do so, it would have a stronger claim now that it was the prevailing party. The reason for its refusal—whether or not as a tactic or litigation decision— is immaterial to our conclusion that neither party prevailed.

million dollars in attorney fees for seeking to enforce the contract, the court abused its discretion.

Civil Code section 1717, subdivision (b)(1) allows the court to "determine that there is no party prevailing on the contract" and decline to award attorney fees to either party. In the circumstances of this case, that is the only just outcome.

### 2. Costs

In his appellate briefs, Youssef focused on the trial court's award of attorney fees. We requested supplemental briefing on the related question of whether the trial court erred by awarding costs in favor of the County as prevailing party.

When a case involves only claims of monetary relief, "a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (Code Civ. Proc., § 1032, subd. (b).) In such a case, the prevailing party is the party that obtains a net monetary recovery, or the defendant in a case where the plaintiff obtains no relief. (*Id.*, subd. (a)(4); *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1333.)

But in cases where "any party recovers other than monetary relief . . . , the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties." (Code Civ. Proc., § 1032, subd. (a)(4).) For example, in a case where the plaintiff won injunctive relief but lost its monetary claims, the trial court had discretion to decide whether to award costs. (*United States Golf Assn. v. Arroyo Software Corp.* (1999) 69 Cal.App.4th 607, 625.) The same was true where one party recovered monetary relief as well as declaratory relief. (*Marina Pacifica Homeowners Assn. v.*

10

*Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 208–210.)

The prevailing party for purposes of costs under Code of Civil Procedure section 1032 is not necessarily the same as the prevailing party for purposes of attorney fees (*James L. Harris Painting & Decorating, Inc. v. West Bay Builders, Inc.* (2015) 239 Cal.App.4th 1214, 1221), but in cases where a party obtains other than monetary relief, the analysis is similar: " 'the trial court in its discretion determines the prevailing party, comparing the relief sought with that obtained, along with the parties' litigation objectives as disclosed by their pleadings, briefs, and other such sources.' [Citation.] Thus, the trial court determines whether the party succeeded at a practical level by realizing its litigation objectives [citation] and the action yielded the primary relief sought in the case." (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1104.)

In this case, the logic that led us to conclude that the trial court abused its discretion by declaring the County the prevailing party for purposes of attorney fees compels us to reach the same conclusion with respect to costs. Youssef did not obtain a monetary recovery but did obtain the relief he originally sought by injunction, to require the County to reclassify the termination of his employment. Thus, there was no prevailing party, and neither party was entitled to recover its costs.

11

**DISPOSITION**

The trial court's orders awarding attorney fees and costs in favor of respondent are reversed. In all other respects, the trial court's judgment and orders are affirmed.

The parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

I concur:


BENDIX, J.

12

CRANDALL, J.,* Concurring and Dissenting.

After the trial court presided over the trial of the 2006 settlement agreement dispute, it issued several well thought out opinions holding that respondent County of Los Angeles (the County), not appellant Gamil Youssef, was the "prevailing party" for purposes of awarding attorney fees and costs. Youssef appealed these and other rulings.

When an appellate court reviews an award of attorney fees and costs, "[t]he trial court ' " 'is given wide discretion in' " ' " making this determination, and "[w]e will not disturb the trial court's determination . . . absent a clear abuse of discretion." (*Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1158.) In other words, because the trial court is in the best position to determine which (if any) party is "prevailing," we are supposed to defer to that ruling unless it is arbitrary or capricious. (*Mepco Services, Inc. v. Saddleback Valley Unified School Dist.* (2010) 189 Cal.App.4th 1027, 1045.)

In 2019, shortly before trial began, the County conceded it had partially violated the settlement agreement by failing to properly reclassify Youssef's end of employment status in the County's internal computer systems; however, the County vehemently denied making any improper disclosures about Youssef's county employment to prospective employers, and likewise asserted that Youssef had not been harmed in any way. At the trial's conclusion, the jury unanimously agreed with the County and ruled against Youssef on all issues. It concluded that the County had not disclosed information in violation of the settlement agreement and that Youssef had not been harmed whatsoever.

Presented with conflicting motions for attorney fees and costs, the trial court denied Youssef's motions and granted the County's motions in a series of comprehensive written rulings. With respect to the County's fee motion, the trial court stated, in pertinent part, as follows:

"[T]he [c]ourt examines the pleadings and court filings to make a determination of which party obtained greater relief in the lawsuit. (See [*Hsu v. Abbara* (1995)] 9 Cal.4th [863,] 876.) The [operative complaint] alleged that the [County] breached the parties' settlement agreement in two ways: (1) by failing to change [Youssef's] end of employment classification, and (2) by failing to provide a neutral reference to inquiries by prospective employers. . . . [¶] . . .

"As to [Youssef's] first claim regarding the end of employment classification . . . , [he] obtained at least some of the relief sought by obtaining the County's admission. However, at trial, [Youssef] failed to establish any damages resulting from the County's failure to reclassify the end of employment status. . . . [D]amages are an element of [Youssef's] breach of contract claim which he was required to prove in order to prevail in this action. ([*Oasis West Realty, LLC v. Goldman*] (2011) 51 Cal.4th 811, 821 [stating the general rule that 'elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff'].) Thus, since [Youssef] was unable to prove damages with regards to the reclassification claim status, [the County] prevailed on this claim.

"With regard to the second claim regarding inquiries by prospective employers, [the County] clearly prevailed. There, the

2

jury found that the County had not breached the settlement agreement by failing to provide a neutral reference to inquiries by prospective employers. . . . Thus, [the County] successfully withstood [Youssef's] charges with regards to the second claim.

"Thus, examining the record as a whole and on a 'practical level[,'] the [c]ourt concludes that [the County] is the prevailing party. (See [*Heather Farms Homeowners Assn. v. Robinson*] (1994) 21 Cal.App.4th 1568, 1574.) [Youssef] failed to obtain any monetary recovery or relief at trial, specifically no past or future economic damages, even with [the County's] partial admission of liability as to the reclassification claim. This was not a case of a stipulated judgment and attorney's fees was a remaining issue. Specifically, [Youssef] failed to prove he sustained damages, which is an element of the breach of contract claim. Further, the jury found that the County did not breach the settlement agreement for failing to provide a neutral reference."

The trial court's ruling reflects a careful assessment of, and well-reasoned ruling on, the award of attorney fees and costs. The generalized criticisms that the trial court did not place "sufficient emphasis on the preceding years of litigation" and that "Youssef persisted in litigation for eight years" despite the County's "obstinacy" are unsubstantiated. (Maj. opn. *ante*, at pp. 8, 9.) Neither the record on appeal nor Youssef's appellate briefs gives us a sufficient basis upon which to assess either party's tactics or litigation decisions.

Relatedly, all that Youssef obtained was a concession for purposes of the jury trial, not an injunction. As the trial court correctly concluded, Youssef never obtained any injunctive relief in any of the court proceedings following the filing of the complaint. And, the County's pretrial concession ultimately

3

yielded zero damages by unanimous vote of the jury, as the trial court aptly recognized: " 'Winning on liability but failing to prove any damages does not result in any benefit to a plaintiff. Proving liability proves only an element of a cause of action, not the cause of action itself[.'] . . . [¶] . . . Further[, Youssef] failed to seek attorney's fees as damages or nominal damages at trial after the County admitted its partial breach of the [s]ettlement [a]greement."

Given that the jury unanimously rejected all of Youssef's claims, any "victory" that he obtained by the County's concession of a partial breach was entirely pyrrhic. The County, on the other hand, won a significant victory by completely defeating Youssef's claims for substantial compensatory and punitive damages.

We are mandated to give the trial court "wide discretion" in making an award of attorney fees and costs. Its decision shall not be overturned unless there is a "clear abuse of discretion." Here, the trial court's order awarding attorney fees to the County was well-reasoned, grounded in law, and in no way arbitrary, capricious, or patently absurd.

For these reasons, while I agree with the majority that the trial court correctly granted several of the County's motions in limine, and correctly denied Youssef's motion for a new trial based upon juror misconduct, I respectfully dissent from those portions of the majority opinion denying the County its reasonable attorney fees and costs.[1]

CRANDALL, J.[*]

---

[1] I pause here at the conclusion to note that Youssef's appellate pleadings contain invective directed toward the trial court and others that has no place in a court of law.

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.